United States District Court
Southern District of Texas
**ENTERED**
April 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Eric Esparza, § | | |
| *Petitioner*, § | | |
| § | | |
| v. § | Civil Action 4:23-CV-390 | |
| § | | |
| Bobby Lumpkin, § | | |
| Director, Texas Department § | | |
| of Criminal Justice, Correctional § | | |
| Institutions Division, § | | |
| *Respondent*. § | | |

**Memorandum and Recommendation**

Eric Esparza, a Texas state inmate, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary proceeding. Esparza also seeks leave to proceed *in forma pauperis*. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court recommends that this case be dismissed.

*1. Background*

Esparza is serving a 60-year sentence for aggravated assault, but he does not dispute that conviction here. Instead, he challenges the result of TDCJ Disciplinary Case #20220034690, in which he was charged with creating a disturbance. ECF No. 1 at 5. Following a disciplinary hearing, Esparza was found guilty. *Id.* As punishment, the hearing officer ordered Esparza to forfeit an unspecified number of days of previously earned good-time credit. *Id.* The officer further ordered that Esparza's classification status remain at line class 3. *Id.* Esparza filed Step 1 and Step 2 grievances to challenge the conviction but was unsuccessful. *Id.* at 5–6, 13–16.

Esparza now seeks habeas corpus relief from his disciplinary conviction, arguing that his due process rights were violated because: (1) the disciplinary charge was false and malicious; (2) the preliminary investigation was insufficient; (3) there was insufficient evidence to support the conviction; and (4) he was denied a fair and impartial hearing. ECF No. 1 at 7–9. For the reasons below, the court finds that Esparza has failed to state an actionable claim under the legal standard governing disciplinary proceedings in the prison context.

*2. Discussion*

An inmate's rights in the prison disciplinary setting are governed by the Fourteenth Amendment's Due Process Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). But such rights are triggered only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a constitutional violation only if he first satisfies the following criteria: (1) he must be eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Esparza has suffered no constitutional violation. Although he lost good-time credit, his aggravated assault conviction makes him ineligible for mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(7); *see also* ECF No. 1 at 5 (acknowledging that Esparza is ineligible for mandatory supervision). This is fatal to Esparza's habeas claims. *See Malchi*, 211 F.3d at 957-58.

As for the restrictions on Esparza's classification status, as well as revocation of any custodial privileges, the Fifth Circuit has recognized that such sanctions are "merely changes in the conditions of [an inmate's] confinement" and do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations on privileges pose no atypical or significant hardship beyond the ordinary incidents of prison life. *See id.* The effect that a reduction in custodial time-earning classification might have on an inmate's ultimate release date is too attenuated to invoke the procedural guarantees of the Due Process clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). As Esparza cannot demonstrate a violation of the Due Process Clause, his habeas corpus petition must be dismissed.

*3. Conclusion and Recommendation*

The court recommends that Esparza's motion to proceed *in forma pauperis* be granted. The court further recommends that Esparza's federal habeas corpus petition be dismissed with prejudice. Finally, the court recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147-49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

Signed at Houston, Texas, on April 10, 2023.

Peter Bray
United States Magistrate Judge